Weekly Edition, One Year (50 issues) Payable in
Advance ............................................ $15.00

Discount for advance payment $3.00, making the
net price ..................................... 12.00

Including Quarterly Digest, to paid subscribers,
no extra charge.

Including Binding of Weekly Parts at end of year,
if paid in advance, net........................ 13.50

Including One Annual Digest, at end of year, and
binding of weekly parts, paid in advance, net.. 16.00

Including Cinque Digest and Year's Subscription..$18.00

Single Numbers ..............................   .35

Receiving Abstract after expiration date, considered as
authorized continuation of subscription.

### THE LAW ABSTRACT COMPANY
Office, Editorial Rooms and Library, 13916 Euclid Ave,
Cleveland, O.

### STAFF

Sam H. Torrey.....................Circulation Manager
Jay F. Laning........................Business Director
Sheldon R. Laning...................Editorial Director

### A LOOSE LEAF DIGEST SYSTEM

The system of digesting, we present this week, is new and like most other advanced methods of Reporting and giving better publicity and priority to Judicial authority, that are now used by law authors and publishers. It is an original Laning invention. It presents several new features, not heretofore given in any Digest. What has heretofore been considered a dream, a practical Loose Leaf Digest, is now believed to soon be regarded as a reality. Among its superiorities will be its self-continuing feature, which will enable the Lawyer to get his Digest Knowledge without being compelled to search, handle and compare, or envision a voluminous accumulation of Supplement Volumes, constantly increasing in number. This method will pioneer the way, as other Laning publications have done, to a simpler, prompter and cheaper Digest service, now in sight.

We do not expect it will be approved at once, by all Attorneys, but ask forbearance, until by further issues of the Abstract, which will soon follow, showing it more extensively, its merits can be disclosed.

## EPITOMIZED OPINIONS
### Published only in the Abstract

LYON v. ANTONI et.

Ohio Appeals, 6th Dist., Williams Co.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**297. CONTRACTS.**
Where each party has expended large sums in providing facilities for carrying out terms and agreement is not made to cover any specified time, it can not be legally abrogated, except on reasonable notice, by either party.

**456. EMPLOYER AND EMPLOYEE—639. Injunction.**
Where employe has been wrongfully induced to leave employer's service and has violated duty of fidelity and loyalty by abandoning such service, he may be perpetually enjoined.

Appeal from Common Pleas.

Decree for plaintiff.

D. A. Webster, A. L. Gebhard and Chas. E. Scott, Bryan, for Lyon.

W. H. Shinn, Montpelier, H. H. DeMuth, Bryan, and F. S. & J. M. Ham, Wauseon, for Antoni et.

### FULL TEXT.

BY THE COURT.

This action was brought for the purpose of securing an injunction restraining the defendants from selling or furnishing bread and other baked goods to certain customers along certain distributing routes radiating from Bryan. The trial resulted in a judgment and decree for the plaintiff, from which an appeal has been taken.

We will content ourselves with stating as briefly as may be the conclusions at which we have arrived.

About six years ago the plaintiff and Edward Antoni made an oral agreement for an indeterminate period by which Antoni was to furnish bread to the plaintiff at 9 cents per loaf less 16⅔%, and the plaintiff was to market the same along a route then established and such other routes as might thereafter be established and furnish trucks and employes to do the marketing. The business has ever since been so conducted, and has increased from one route and 400 loaves per day to 4 routes and 3,000 loaves per day, with a gross profit to plaintiff in 1926 of about $19,000.00 and the same in 1927, out of which amount he had, of course, to provide trucks and drivers, together with the expenses in distributing the bread.

In view of the fact that the plaintiff was obligated to and did provide trucks, employes, etc., and was engaged in the sale and distribution of a product manufactured by the defendant, the case is different from an ordinary milk-route case, where plaintiffs who market

(Continued on Page 276)

## STATE SUPREME COURT
### NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Report of
# NEW CASES DOCKETED

### April 5, 1928
21068-69—Granville & Newark Motor Service, Inc. v. Public Utilities Commission. John F. Carlisle and W. C. Overturf, Columbus, for plaintiff; E. C. Turner and A. M. Calland, Columbus, for defendant.

### April 18, 1928
21093—Anton Grdina et al v. Loretta Daley. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. R. M. Ewing, Cleveland, for plaintiff; Niman & Buss, Cleveland, for defendant.

21094—Schuyler C. Brown v. The Rapid Transit Land Sales Co. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. W. H. Chapman, Cleveland, for plaintiff; Garfield, Cross, MacGregor, Daoust & Baldwin, Cleveland, for defendant.

21095—Allen Klivans v. Sarah Richards. Motion for an order directing the Court of Appeals of Mahoning county to certify its record. Barnum, Hammond, Stephens, Patchin & Hoyt, Youngstown, for plaintiff.

### April 20, 1928
21096—Columbus, Delaware & Marion Electric Co. v. Public Utilities Commission. Error to the Public Utilities Commission of Ohio. Wm. P. Moloney, Marion, for plaintiff; E. C. Turner and A. M. Calland, Columbus, for defendant.

21097—William McCall v. State of Ohio. Motion for an order directing the Court of Appeals of Muskingum county to certify its record; error to the Court of Appeals of Muskingum county. John C. Basset and E. E. Power, Zanesville, for plaintiff; C. J. Crossland, Zanesville, for defendant.

21098—The Interstate Motor Transit Co. et al v. Public Utilities Commission. Error to the Public Utilities Commission of Ohio. A. R. Johnson, Ironton, Miller & Searl and Blair & Ball, Portsmouth, and D. H. Armstrong, Columbus, for the plaintiff; E. C. Turner and A. H. Calland, Columbus, for defendant.

21099—Martin Fini, Admr. v. Roy L. Pery. Motion for an order directing the Court of Appeals of Trumbull county to certify its record. Guarnieri & McVicker, Warren, for plaintiff; F. D. Templeton, Warren, for defendant.

21100—Carl W. Peters v. George A. Kratt, Auditor of Lucas County. Motion for an order directing the Court of Appeals of Lucas county to certify its record. Geo. A. Bassett, Toledo, for plaintiff; Orion W. Nelson, Toledo, for defendant.

21101—The River Terminal Ry Co. v. Frank McAllister. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. M. B. and H. H. Johnson, Cleveland, for plaintiff; Bernsteen & Bernsteen, Cleveland, for defendant.

21102—Norfolk & Western Ry. Co. v. John N. Moulton et al. Motion for an order directing the Court of Appeals of Scioto county to certify its record. Henry Bannon, Portsmouth, for plaintiff; Wm. J. Meyer, Portsmouth, for defendant.

21103—Board of Education of Madison Rural School District, Perry County, O., v. Logan A. Waits. Motion for an order directing the Court of Appeals of Perry county to certify its record. John W. Dugan, New Lexington, and Knepper & Wilcox, Columbus, for plaintiff;

C. S. Best, Columbus, and E. P. Walser, New Lexington, for defendant.

21104—William Horwitz et al v. Alex Murri. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Stanley & Horwitz, Cleveland, for plaintiff; John S. Myers, Cleveland, for defendant.

21105—Samuel Mestezko v. Elf Motor Co. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Lefton, Snyder & Mayon, Cleveland, for plaintiff; Francis Poulson, Cleveland, for defendant.

21106—State of Ohio ex rel The A. W. Burns Construction Co. v. Board of County Commissioners of Delaware County. In Mandamus. W. S. Pealer, Columbus, for plaintiff; Eugene S. Ownes, Delaware, for defendant.

21107—Samuel Newman et al v. Daigle Iron Works. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. J. L. Meyer and B. S. Schwartz, Cincinnati, for plaintiff; W. J. Reilly, Cincinnati, for defendant.

21108—Janet M. Halliday v. Charles F. Clancy. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. R. G. Curren, Cleveland, for plaintiff; Gaughn & Collins, Cleveland, for defendant.

21109—Robert C. Hall v. George Gayes. Motion for an order directing the Court of Appeals of Montgomery county to certify its record. McMahon, Corwin, Landis & Markham, and Virgin Dorfmeier, Dayton, for plaintiff; Henry Holencamp and W. S. Rhotehamel, Dayton, for defendant.

### April 24, 1928
21110—Industrial Commission of Ohio v. Hazel Grace Ramsey. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. E. C. Turner and R. R. Zurmehly, Columbus, and John A. Elden, Cleveland, for plaintiff; A. W. Heinrich, Cleveland, for defendant.

21111—Jennie V. Lyon et al v. Alpheus E. Lyon. Motion for an order directing the Court of Appeals of Gallia county to certify its record. R. M. Switzer, Gallipolis, for plaintiff; H. W. Cherrington, Gallipolis, for defendant.

21112—Henry Spero, Inc. v. Charles A. Sites et al. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Gordon & Gordon, Cleveland, for plaintiff; Thompson, Hine & Flory, Cleveland, for defendants.

21113—Clara Anderson v. Libbey Glass Mfg. Co. Motion for an order directing the Court of Appeals of Lucas county to certify its record. James H. Boyd, Toledo, for plaintiff; Marshall, Melhorn, Marlar & Martin, Toledo, for defendant.

21114—Blanche Ewers, Admrx. v. Buckeye Clay Pot Co. Motion for an order directing the Court of Appeals of Lucas county to certify its record. James H. Boyd, Toedo, for plaintiff; Marshall, Melhorn, Marlar & Martin, Toledo, for defendant.

21115—Louis M. H. Potter v. Carl F. Nimbs et al. Motion for an order directing the Court of Appeals of Franklin county to certify its record. C. B. Beam and R. B. Baldwin, Columbus, for plaintiff; Morton, Irvine, Blanchard & TouVelle, Columbus, for defendants.

21116—The Portsmouth Home Telephone Co. v. Public Utilities Commission. Error to the Public Utilities Commission of Ohio. Frank C. Dunbar, Columbus, for plaintiff; E. C. Turner and A. M. Calland, Columbus, for defendant.

21117—Harry Shellenbarger v. State of Ohio. Motion for leave to file petition in error to the Court of Appeals

of Knox county. Blair & Blair, Mt. Vernon, and D. B. Ulrey, Columbus, for plaintiff; J. S. McDevitt, Mt. Vernon, and E. C. Turner and J. A. Godown, Columbus, for defendant.

21118—In the Matter of the Exceptions of the Prosecuting Attorney of Stark County; State of Ohio v. Saranus A. Lengel; motion for leave to file bill of exceptions to Common Pleas Court of Columbiana county. Henry W. Harter, Jr., Canton, for plaintiff; Hon. W. B. Lones, trial judge.

**April 25, 1928**

21119—State of Ohio ex rel Charles P. Taft, 2nd, Pros. Atty. v. Chester R. Shook, Judge of the Common Pleas Court of Hamilton County; In Mandamus. Chas. P. Taft, 2nd, Cincinnati, for plaintiff.

21120—State of Ohio ex rel Charles P. Taft, 2nd, Pros. Atty. v. Frederick L. Hoffman, Judge of the Common Pleas Court of Hamilton County; In Mandamus. C. P. Taft, 2nd, Cincinnati, for plaintiff.

21121—Clay C. Riegel v. O. C. Belt, Admr. Motion for an order directing the Court of Appeals of Fairfield county to certify its record. L. G. Silbaugh, Lancaster, and Barton Walters, Circleville, for plaintiff; M. A. Daugherty and W. K. Martin, Lancaster, for defendant.

21122—The Cleveland Railway Co. v. Emil Bartunek. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Squire, Sanders & Dempsey, Cleveland, for plaintiff; Anderson & Lamb, Cleveland, and Cerrezin & Wilson, Cleveland, for defendant.

---

(Continued from Page 274)
their own product have secured injunctions against their employes or former employes. Each party to the agreement in the present case has expended large sums in providing facilities for taking care of the increased business and each has an interest in the routes and the customers. Any decree of this court, to be equitable, must preserve, as far as may be, the equitable rights of all the parties.

While the agreement was not made to cover any specified time, in view of the large expenditures made by each, in order to conduct the increased business, the agreement could only be legally abrogated on reasonable notice to the other party.

The court finds in this case that the defendant Antoni undertook to abrogate the agreement on February 12, 1928, without reasonable notice or, indeed, without any notice other than that it was at once abrogated, The court is of the opinion that the reasonable notice which was required in order to permit the termination of the contract should extend to May 19, 1928, inclusive. That period would be reasonably sufficient to enable the plaintiff to re-adjust his business; and the plaintiff is entitled to an injunction in this case against the defendants Edward Antoni and his partner, preventing their interfering with his conduct of the business during that time. If the defendants shall consent to furnish bread to the plaintiff at not more than 9c a loaf, less the agreed discount of 16⅔%, the plaintiff during the continued existence of the contract is required to market the bread manufactured by them. If they do not choose to furnish bread, the plaintiff shall be at liberty to use bread manufactured by any other party.

As to the defendants who were employes of the plaintiff, driving his trucks on the routes in question, and who were wrongfully induced by Antoni and his partner to leave plaintiff's service, the court finds that they violated their duty of fidelity and loyalty to the plaintiff in abandoning his service and co-operating with the defendants Antoni and Mueller, and as

against the employes a perpetual injunction is granted.

The case is remanded to the Court of Common Pleas for further proceedings and to find and determine how much damages, if any, the plaintiff is entitled to recover by reason of defendants' breaking the contract without giving reasonable notice thereof, with the suggestion that such damages can best be determined after the expiration of the temporary period fixed therein, towit, May 19, 1928.

Judgment and decree for plaintiff.

(Richards and Williams, JJ., concur.)

**LLOYD, J., DISSENTING.**

I am not convinced that the facts in evidence disclose a cause of action of which a court of equity has jurisdiction. Admittedly the rights and obligations of the litigants must be measured by the character and scope of the contract entered into by and between Antoni and Lyon. Admittedly also the contract is silent as to how long it should be operative and when and how it might be terminated. I assume that even a court of equity may not change the legal import of a contract by modifying, enlarging or adding to the terms and conditions thereof which are clear and explicit and which the contracting parties were lawfully privileged to determine for themselves. No court, as I view it, has power to compel Antoni to sell nor Lyon to buy Antoni's bread, nor to restrain either of them from breaching the contract if either is minded so to do. If either does so, then the other may demand compensation for any injury resulting to him therefrom. The conclusion I have reached does not require a consideration of whether the character of the contract as disclosed by the facts and circumstances in evidence is such as that the law would imply that reasonable notice must be given by one party to the other before the contract could be lawfully abrogated. When lawfully terminated the status of the parties thereto would be exactly the same as before the contract was made. If no notice was required, then no cause of action of any kind would accrue to anybody. If reasonable notice was required, then a refusal to comply with the contract or an attempt by either party to terminate it before the reasonable time required had elapsed, would be a breach of the contract for which an action for damages would lie.